Rozlyn McDADE, Plaintiff—Appellant,

v.

Bridgett WEST, as an individual & as an employee of the Ventura County District Attorney; Michael Bradbury, as the District Attorney of Ventura County; Michael West, an individual; County of Ventura, political entity, Defendants—Appellees.

No. 01–56940.
D.C. No. CV–97–07632–WJR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 2003.

Decided March 12, 2003.

Before LAY,* HAWKINS, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Rozlyn McDade appeals the entry of judgment in her 42 U.S.C. § 1983 action.

---

* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We previously concluded in *McDade v. West*, 223 F.3d 1135 (9th Cir.2000) (*McDade I* ), that Bridgett West, employed by the Ventura County District Attorney, acted under the color of state law when she illegally accessed a computer database owned by the County. West used the database to locate her husband's ex-wife—McDade—so that West's husband could serve McDade with court papers in a child custody dispute.

After remand, McDade and the Wests entered into a settlement agreement. Pursuant to that agreement, Bridgett West assigned to McDade any claim that West had against the County for indemnification. When the district court entered judgment, it concluded that the County was not obliged to indemnify West.

We review *de novo* the district court's conclusion that, under California law, West is not entitled to indemnification from the County. *See Diamond v. City of Taft*, 215 F.3d 1052, 1055 (9th Cir.2000).

As both parties recognize, California law controls whether the County must indemnify West. A California governmental entity must indemnify an employee "for an injury arising out of an act or omission occurring within the scope of his or her employment." Cal. Gov.Code § 825(a). To determine if West acted within the scope of her employment when she accessed the County database, we apply the principles of respondeat superior. *Farmers Ins. Group v. County of Santa Clara*, 11 Cal.4th 992, 1003, 47 Cal.Rptr.2d 478, 906 P.2d 440 (Cal.1995).

On appeal, McDade advances two arguments why the district court erred in concluding that West did not act within the scope of her employment when she accessed the database. First, McDade contends that the "law of the case" doctrine establishes that West acted within the scope of her employment, arguing that our conclusion in *McDade I* that West acted "under color of state law" disposes of the issue whether West acted in the "scope of her employment." As McDade conceded in her reply brief, these two issues are "not coextensive." Nonetheless, McDade asserts that our statement in *McDade I* that West's actions were "clearly related to the performance of her official duties," *McDade I*, 223 F.3d at 1140, extended our holding in *McDade I* to cover the "scope of employment" determination. We reject McDade's argument. Our holding in *McDade I* was limited to the issue of whether West acted under color of state law; that determination does not create the "law of the case" regarding West's scope of employment. *See Graham v. Sauk Prairie Police Comm'n*, 915 F.2d 1085, 1093 (7th Cir.1990).

Second, McDade argues that West acted within the scope of her employment. Although California courts construe their scope of employment doctrine broadly to hold employers vicariously liable for the torts of their employees, "an employer will not be held vicariously liable for an employee's malicious or tortious conduct if the employee *substantially* deviates from the employment duties for personal purposes." *Farmers*, 11 Cal.4th at 1004–05, 47 Cal.Rptr.2d 478, 906 P.2d 440 (emphasis in original). "Stated another way, [i]f an employer's tort is personal in nature, mere presence at the place of employment and attendance to occupational duties prior or subsequent to the offense will not give rise to a cause of action against the employer under the doctrine of respondeat superior." *Id.* at 1005, 47 Cal.Rptr.2d 478, 906 P.2d 440 (internal quotation marks and citation omitted).

West acted for personal reasons and deviated from her employment obligations when she accessed the database to locate McDade. The district court found that

West acted solely to benefit her husband, who desired to locate McDade to serve papers in a private child custody dispute. West's actions were a clear violation of a promise she made to the County of Ventura that she would not access the database for any improper or personal reason. County policy and California law forbade what she did, and she was fired and prosecuted for doing it. The motives for West's actions were in no way "engendered by events or conditions relating to the employment." *Id.* at 1006, 47 Cal.Rptr.2d 478, 906 P.2d 440. Because West's illegal use of the database was not within the scope of her employment, the County is not obligated to indemnify her.

AFFIRMED.